UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LELAND WAYNE AUSLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:24-CV-0262-B |
| § | |
| TCI TEXARKANA, INC., TA CHEN § | |
| INTERNATIONAL, INC., and R PRICE § | |
| TRUCKING, LLC, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Leland Wayne Ausley's Motion to Remand (Doc. 7). For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I.**

**BACKGROUND**

This is a slip and fall case. Plaintiff, Leland Ausley was employed by Defendant, R Price Trucking ("Price"). Doc. 1-4, Pl.'s Second Am. Pet., ¶ 5.1. One day at work, Ausley delivered products to Defendants,' TCI Texarkana and Ta Chen International Inc. (collectively "Removing Defendants") warehouse. *Id.* At the warehouse, Ausley was allegedly injured when he tripped on a steel band. *Id.* In his complaint, Ausley alleged that the Removing Defendants owned the warehouse and had control over the warehouse. *Id.* ¶ 6.1. He did not allege the same for Price. Ausley filed suit in state court alleging various negligence claims. *Id.* ¶¶ 6–7.

The Removing Defendants are California citizens for purposes of diversity citizenship. Doc. 1, Notice Removal, ¶ 13. Price is a citizen of Texas. *Id.* ¶ 11. Removing Defendants removed this

-1-

case to federal court, asserting that Price was improperly joined. *Id.* ¶¶ 1, 12. They argue that Ausley alleged no facts to establish a negligence claim against Price. *Id.* ¶ 20. Ausley filed a Motion to Remand, arguing that the Court does not have diversity jurisdiction over this case. Doc. 8, Mot. Remand, 3. Below, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quotations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (quotations omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity" means "that all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

## III.

## ANALYSIS

Ausley failed to plead a viable claim against Price. For this reason, the Court finds that Price was improperly joined, and the Court has subject matter jurisdiction over this case.

The Court has subject matter jurisdiction over this case only if Price was improperly joined. This is a diversity case. Doc. 1, Notice Removal ¶ 7. The Removing Defendants are citizens of California for purposes of diversity jurisdiction. *Id.* ¶¶ 9–10. Ausley and Price are citizens of Texas. *Id.* ¶¶ 8, 11. The amount in controversy exceeds $75,000. *Id.* ¶ 4. The case lacks complete diversity if Price is a defendant because Ausley and Price are both citizens of Texas. *See McLaughlin*, 376 F.3d at 353.

However, if a non-diverse party was improperly joined, a court may disregard it when analyzing complete diversity. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) ("The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity.") (citation omitted). The removing party carries the burden for establishing improper joinder, and it "is a heavy one." *Id.* The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quotation omitted). When, as here, the defendant argues the latter method, the test "is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, "[t]he court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry if a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*

Ausley's claim lacks plausibility under a 12(b)(6) analysis. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Ausley alleges only one fact about Price: that Price was his employer. Doc. 1-4, Second Am. Pet., ¶ 5.1. Ausley then alleges that Price violated the Texas Labor Code § 411.103 ("TLC") by breaching its duty to provide a safe workplace. *Id.* ¶ 7.1.

TLC § 411.103 imposes a duty on employers to provide a safe workplace. TEX. LAB. CODE § 411.103. Under the statute, employers must "provide and maintain employment . . . that is reasonably safe;" "use methods . . . that are reasonably necessary to protect the . . . safety of . . . employees;" and "take all other actions reasonably necessary to make the employment . . . safe." *Id.* Ausley has not pleaded facts that would allow the Court to infer that Price plausibly violated the TLC or otherwise acted negligently. *See* Doc. 1-4, Second Am. Pet., ¶ 5.1 (only stating that "Plaintiff was injured when he tripped on a steel band that was stretched across [a] loading dock" at a warehouse Price did not own). Ausley did not allege any information about whether Price gave him instructions about the warehouse. He did not allege that Price knew of any dangerous conditions in the warehouse. He did not allege that Price had any control over the conditions of the warehouse. He did not allege that Price failed to provide safety training on warehouse deliveries. In short, he did not allege any information that could explain how Price breached its duty of care it owed to Ausley.

Ausley argues that it "dedicate[d] an entire section of its petition for claims against [Price]." Doc. 8, Mot. Remand, 4. But Ausley fails to mention that the entire section merely lists standard negligence claims. *See* Doc. 1-4, Second Am. Pet., ¶ 7.1 (stating that Price failed "to provide and maintain a place of employment that is reasonably safe" and Price "fail[ed] to properly supervise and/or instruct employees"). These "[t]hreadbare recitals of the elements of a cause of action,

-4-

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Smallwood*, 385 F.3d at 573 (holding that courts can conduct a 12(b)(6)-type analysis to determine whether a plaintiff has a reasonable basis of recovery).

Ausley alleged one fact about Price: that it was his employer. Doc. 1-4, Second Am. Pet., ¶ 5.1. Without any other factual allegations, the Court cannot plausibly infer that Price acted negligently or that its negligence contributed to the injuries Ausley allegedly sustained at the Removing Defendants' warehouse. There is no reasonable basis of recovery from the facts alleged.

For these reasons, the Court concludes that Ausley has failed to plead a viable claim against Price. Thus, Price was improperly joined as a party to the lawsuit and the Court will disregard his presence.

## IV.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion to Remand (Doc. 7). Accordingly, the Court **ORDERS** that all claims asserted by Ausley against Price are hereby **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

SIGNED: October 2, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE